UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

**RAPIDES STATION LAND CO L L C**              **CASE NO. 1:21-cv-3716**

-vs-                                            **JUDGE DRELL**

**MARKEL AMERICAN INSURANCE CO**   **MAGISTRATE JUDGE PEREZ-MONTES**

---

## RULING AND ORDER

Before the Court is Defendant, Markel American Insurance Company's ("MAIC") Motion for Reconsideration of the portion of this Court's May 7, 2024, Ruling and Order ("Order") (Doc. 67) denying MAIC's Motion for Summary Judgment on the Issues of Insurance Coverage Under the Builder's Risk Policy. (Doc. 34). Having considered the memoranda of MAIC and Plaintiff, Rapides Station Land Company, LLC ("RSLC"), MAIC's Motion to Reconsider is **GRANTED** in part and **DENIED** in part.

I.  **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed R. Civ. Proc. 54(b).

Rule 54(b) does not set out any specific standard of review for reconsideration of interlocutory judgments. A discussion of Austin v. Kroger Tex., L.P. is important to understanding the applicable considerations applicable to MAIC's Motion for Reconsideration. Austin v. Kroger Tex., L.P., 864 F. 3d 326 (5th Cir. 2017). In Austin, the defendant filed a dispositive motion for

1

summary judgment. Id. at 326. One of the bases asserted for summary judgment was that plaintiff had no evidence to establish causation. Id. at 334. Plaintiff's opposition countered this assertion but did not include an expert report that had previously been provided to the defendant. Id. at 328. Defendant grasped at the plaintiff's failure to include the expert report in its reply reassuring the "no evidence" component of its motion for summary judgment.[1] Id. at 334. Plaintiff sought leave to file a sur-reply for the purpose of addressing the lack of expert report argument raised in the defendant's reply and attaching the expert report. Id. at 328. The court denied plaintiff's motion for leave to file sur-reply. Id. Plaintiff filed a motion to reconsider the denial of the motion for leave. Id. The court then issued a memorandum and order denying plaintiff's motion to reconsider and granting defendant's motion for summary judgment. Id. Plaintiff appealed. Id.

    The Fifth Circuit reversed, holding that the district court improperly applied the Federal Rule of Civil Procedure 59(e) standard relating to final judgments instead of the "less stringent" Rule 54(b) standard. Id. at 336. Unfortunately, as has been noted extensively by other courts, there is no clear Rule 54(b) standard, and Austin failed to genuinely clarify what such a standard may be. Id. (holding that a trial court is "free to reconsider and reverse its decision for any reason it deems sufficient" but failing to establish when a trial court is free to deny a motion to reconsider); but see e.g. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (The Federal Rules do not recognize a 'motion for reconsideration *in hac verba*. We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)."); J. Fleet Oil & Gas Corp. LLC v.

---

[1] It should be noted that defendant likely violated the rules of professional conduct by representing to the court that "no evidence" on causation existed when defendant was clearly in possession of such evidence.

Chesapeake La., L.P., No. 15-2461, 2019 U.S. Dist. LEXIS 97233 at *2(W.D. La. June 7, 2019) ("Where a motion for reconsideration concerns an interlocutory order, as in the present case, such a motion is generally evaluated under the same standards that govern motions to alter or amend a judgment under Rule 59(e)."); S. Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 565 (E.D. La. 2013) rev'd on other grounds S. Snow Mfg. Co. v. Snowizard Holdings, Inc., 567 Fed. Appx. 945, 2014 U.S. App. LEXIS 12242, 2015-1 Trade Cas. (CCH) P79076 ("The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 U.S. Dist. LEXIS 33179, at *11 (E.D. La. Apr. 5, 2010) (same); In re Katrina Canal Breachers, No. 05-4182, 2009 U.S. Dist. LEXIS 33068, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (same).

Austin stands for the proposition that a trial court can alter or amend its prior interlocutory decisions at any time for any reason and such a standard would seem to comport with the plain language of Rule 54(b). This also aligns with the court's inherent authority to manage its own docket and its responsibility to construe, administer, and employ the Rules to ensure the just, speedy, and inexpensive determination of every action and proceeding. Perez v. BP, P.L.C., 713 F. App'x 360, 362 (5th Cir. 2018) ("The court has broad discretion and inherent authority to manage its docket;"); see also Fed. R. Civ. P. 1. However, Austin does not stand for the proposition that a trial court MUST consider a motion to reconsider. The power to alter or amend an interlocutory decision is entirely discretionary. Thus, a party that makes a motion for reconsideration is not entitled to one and a party opposing such a motion cannot establish a hard and fast standard for denying it. But, as noted in Austin, "Rule 54(b)'s approach to the interlocutory presentation of *new arguments as the case evolves* can be more flexible." Austin v. Kroger Tex., L.P., 864 F.3d

3

326, 337 (5th Cir. 2017) (quoting Cobell v. Jewell, 802 F.3d 12, 25-26, 419 U.S. App. D.C. 370 (D.C. Cir. 2015)) (emphasis added).

Granted such broad discretion and the history of courts considering the Rule 59(e) standards, we look to the considerations that underlie those standards. As an initial matter, motions to reconsider are not proper vehicles for rehashing evidence, legal theories, or arguments. Whale Capital, L.P. v. Ridgeway, No. 22-2570, 2024 U.S. Dist. LEXIS 35979, at *1-2 (E.D. La. Mar. 1, 2024). They "serve[] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." Austin, 864 F.3d at 336. Generally, the Fifth Circuit has "held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Russ v. Int'l Paper Co., 943 F.2d 589, 593 (5th Cir. 1991)); see also Carter v. St. Tammany Par. Sch. Bd., No. 21-30237, 2022 U.S. App. LEXIS 4344, at *5 (5th Cir. Feb. 17, 2022) ("We do not see an abuse of discretion in the denial of the Rule 59(e) motion. '[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'") (quoting Templet, 367 F.3d at 479).

This Court thus considers the MAIC's motion to reconsider in accordance with the dictates of Austin v. Kroger while remaining mindful of the interests of justice, judicial efficiency, and the considerations that shape Rule 59(e) motions to reconsider. No single factor will be determinative. However, we do not entertain the rehashing of evidence, legal theories, or arguments that have already been fully presented absent a showing of new evidence or authority. The motion to reconsider does not grant an additional bite at the apple at the expense of judicial resources and an

opposing litigant's time. To the extent new argument or evidence is presented, however, we examine each individually.

## II. BACKGROUND AND ANALYSIS

MAIC's Motion to Reconsider does not advance any new legal arguments or controlling authority regarding the contentions it made in its original Motion for Summary Judgment on the Issues of Insurance Coverage Under the Builders' Risk Policy (Doc. 34) or their Reply Memorandum. (Doc. 52). MAIC does complain that the Court made no explicit ruling on its motion to dismiss RSLC's bad faith claims. MAIC also objects to this Court's having considered record evidence on the "Motion for Summary Judgment for Breach of Concealment Provision or, Alternatively, for Failure to Timely Supplement Discovery Responses." (Doc. 35).

Specifically, MAIC complains that it was "improper" for this Court to consider the Declaration of Dwane Bergeron ("Bergeron") wherein he declares under penalty of perjury that he created architectural drawings for the Cowboy Town property on or about April 26, 2018, a second set of architectural drawings for Cowboy Town on or about March 26, 2019, photographed the property on or about July 24, 2017, again on July 31, 2017, and again on April 24, 2018, and took video of the property on or about April 24, 2018. (Doc. 35-8).

Alternatively, MAIC seeks to provide "context" to the work performed by Bergeron regarding the architectural drawings, photographs, and videos taken between July 24, 2017 and March 26, 2019. MAIC contends Bergeron's deposition testimony disproves that the architectural work he performed between 2017-2019 had anything to do with any potential renovation or rehabilitation to be performed at the property.[2] MAIC contends that good cause exists for

---

[2] It should be noted that MAIC has repeatedly presented incomplete deposition testimony instead of complete testimony with citations to the pages and lines it would like to emphasize. While this is a perfectly acceptable practice, it leaves out important context that the Court may need or want to consider. For example, here, MAIC now seeks to

reconsideration because it did not understand that architectural plans for a renovation or rehabilitation project might be construed as evidence of a potential renovation or rehabilitation project.

None of these contentions have a scintilla of merit.

MAIC's contention that "this Court's reliance on information and/or allegations made elsewhere in the record is improper…" is a bold assertion given that the information relied on was presented to the Court **by MAIC** contemporaneously with its motion for summary judgment and contradicts the plain language of Rule 56 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 56(c)(3) provides in no uncertain terms:

> Materials Not Cited. The court need consider only the cited materials, but <u>it may consider other materials in the record</u>.
> Fed. R. Civ. Proc. 56(c)(3). (emphasis added)

The submissions made by MAIC in its contemporaneous "Motion for Summary Judgment for Breach of Concealment Provision or, Alternatively, for Failure to Timely Supplement Discovery Responses" (Doc. 35) constitute part of the record and were properly before the Court. While it is true that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); cf. U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). That is not what happened here. MAIC filed two motions for summary judgment on the exact same day. (Docs. 34 and 35). The Court did not go "hunting for truffles buried in briefs," which it would be entitled, but not required,

---

introduce portions of the deposition of Bergeron that it originally omitted. While this Court is not persuaded by the arguments MAIC now makes with this deposition testimony, we should have at least been able to consider it prior to issuing our Order. Though we have considered this new evidence, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

to do under Rule 56(c)(3). Rather MAIC held the evidence up directly to the Court and asked us to only consider it for one purpose and pretend it doesn't exist for another. That is something we have not ever seen in over 52 years of law practice.

MAIC attempts to provide "context" to Bergeron's Pre-Hurricane Laura architectural work also fall flat. MAIC's policy defines "rehabilitation or renovation" project as "involving the… rehabilitation, or renovation of a structure or building." (Doc. 35-4, pg. 35). Obviously measuring, photographing, and preparing architectural designs are commonly understood components of the work on a renovation or rehabilitation project. Work components that almost always come before the actual construction. At best, the "context" provided by Bergeron creates a dispute of material fact.

A dispute of material fact is genuine if evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted).

None of this is to say that RSLC's burden at trial will not be high, but a reasonable jury could find that the declaration of Bergeron, <u>which was put into the record by MAIC</u>, establishes that work on a rehabilitation or renovation project had begun.

Finally, MAIC's contention that because it did not contemplate architectural planning as being construed as part of the work on a renovation or rehabilitation project warrants reconsideration only weakens its other arguments. In effect, MAIC claims that, under its own insurance policy, it does not actually know what constitutes the work of a renovation or rehabilitation project. This may be because MAIC defines the term "rehabilitation or renovation"

project as "involving the… rehabilitation, or renovation of a structure or building." (Doc. 35-4, pg. 35). This self-referential definition is, at its core, ambiguous. Nevertheless, MAIC's failure to contemplate that architectural drawings are part of the work of a renovation or rehabilitation project or understand its own policy are not adequate for a motion to reconsider.

MAIC has not presented any new arguments or facts in support of its Motion for Summary Judgment. (Doc. 34). Rather, the information presented in its Motion for Reconsideration (Doc. 68) seemingly weakens its position regarding its Motion for Summary Judgment. (Doc. 34). The case has not evolved. There is no new relevant evidence. There is no new legal authority. MAIC asks this Court to rehash evidence, legal theories, and arguments that have already been fully presented and resolved. Such an endeavor is a waste of judicial resources.

For these reasons, MAIC's Motion to Reconsider is **DENIED** except as follows:

MAIC correctly points out that this Court did not make an express ruling on its motion to dismiss RSLC's bad faith claims. MAIC's motion to dismiss the bad faith claims was predicated on its assertion that no coverage existed. This Court correctly dismissed MAIC's motion for summary judgment that coverage existed. Given that the conditions precedent for MAIC's request to dismiss RSLC's bad faith claims were not met, it is unnecessary to directly address the bad faith claims. However, for the purposes of clarity, this Court will reconsider MAIC's request to dismiss RSLC's claims for bad faith penalties.

For these reasons, MAIC's request to reconsider the matter regarding bad faith penalties will be **GRANTED**.

To summarize, MAIC's jointly filed Motions for Summary Judgment (Docs. 34 and 35) have been denied as explained, but MAIC's motion to dismiss RSLC's claims for bad faith penalties is contingent on it prevailing on either of these motions to disclaims or rescind coverage.

MAIC does not assert any other independent basis for the dismissal of RSLC's bad faith claims. RSLC may have valid claims pursuant to La. R.S. §§ 22:1892 and 22:1973 for breach of the duty of good faith and fair dealing. Accordingly, MAIC's Motion for Summary Judgment seeking to dismiss RSLC's claims for bad faith penalties is **DENIED**.

### III. CONCLUSION

For the foregoing reasons it is;

ORDERED that Defendant's motion for reconsideration of its motion for summary judgment on issues of insurance coverage under the builder's risk policy relating to coverage (Doc. 68) is **DENIED**.

ORDERED that Defendant's motion for reconsideration of its motion for summary judgment on issues of insurance coverage under the builder's risk policy relating to bad faith penalties (Doc. 68) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment for dismissal of bad faith claims (Doc. 34) is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 17th day of October 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT